[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATE OF CONNECTICUT v. FRANK SMITH.
 DATE OF SENTENCE: 12 MAY 2000 DATE OF APPLICATION: 12 MAY 2000 DATE OF APPLICATION FILED: 12 MAY 2000 DATE OF DECISION: 28 MAY 2002
Application for review of sentence imposed by the Superior Court, G.A. 11 at Danielson.
Docket Number MV98-188000.
Elizabeth Warner, Esq. For the Petitioner.
Mark Stabile, Esq. For the State of Connecticut.
SENTENCE AFFIRMED
The Petitioner was convicted by jury of Manslaughter Second Degree with a Motor Vehicle in violation of Conn. General Statute 53a-56b and Operating Under the Influence of Alcohol in violation of Conn. General Statute 14-227a. He was sentenced to ten years to serve and his motor vehicle license was suspended.
The record shows that on October 9, 1997 at approximately 5:19 p.m., the State Police went to the scene of a motorcycle accident on Route 198 in Eastford. This was a one vehicle accident involving a motorcycle owned by Smith. The accident caused two people to be ejected from the motorcycle.
The Petitioner was operating the vehicle and his 28-year old girlfriend was a passenger. She was not wearing a helmet, was severely injured and was declared dead at the scene. He was conscious, though with injuries. He told the troopers that no other entity caused him to hit the guardrail. His blood alcohol level as .11%. A witness saw the motorcycle, moments before the incident, traveling at a high rate of speed with the female passenger grabbing on "for dear life". The victim and the Petitioner had been in a bar that afternoon consuming drinks. CT Page 8122
The Petitioner admitted to drinking at several locations, but said that the victim was operating the motorcycle as he had pulled over and let her drive.
Counsel for the Petitioner argued that probation recommended a significant sentence plus probation. Counsel felt that a split sentence that would put Petitioner on probation and give him an ability to address his alcohol abuse would better serve the Petitioner and society's interests. A rehabilitative package for the Petitioner that would include counseling was what the panel was asked to impose.
The Petitioner, when he addressed the panel he accepted responsibilities for his acts, and indicated that he never intended for the death of the victim. He stated that he lives with this horrible incident daily and that he will suffer anguish for the rest of his life. He asked the panel for mercy.
The State's Attorney responded by saying that the remorse shown by the Petitioner is a new attitude. The Petitioner was convicted four times for driving under the influence and that whatever treatment he needs can be administered by the Corrections Department. He asked for an affirmance.
The Division is without authority to modify a sentence except in accordance with the provisions of the Connecticut Practice Book §43-28 et seq., and Connecticut General Statute § 51-94 et seq.
In reviewing the remarks of the sentencing court we find a balanced approach to the sentence. The court acknowledged the similar offenses committed by the Petitioner, which involved alcohol, noted his lack of remorse and the fact that the victim is dead by his acts, and that he still has an ability to live after he does his sentence.
THE SENTENCE IS AFFIRMED.
 Norko, J. Klaczak, J. Miano, J.
Norko, J., Klaczak, J. and Miano, J. participated in this decision.